Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> OLEM SHOE CORP., a Florida Corporation; and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. 2:16-cv-03875-TJH (AGRx) <br><br> **PROTECTIVE ORDER** <br><br> **Hon. Alicia G. Rosenberg** |

1.   A.   <u>**PURPOSES AND LIMITATIONS**</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.   <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer and pricing lists and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consists of, among other things, confidential business or financial information, information regarding confidential business practices, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for an in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.   <u>DEFINITIONS</u>**

2.1   <u>Action</u>:  this pending federal law suit.

2.2 <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "<u>CONFIDENTIAL</u>" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure of Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

2.7 <u>House Counsel:</u>  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.10 <u>Party:</u>  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1     2.11  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

2 Discovery Material in this Action.

3     2.12  <u>Professional Vendors</u>: persons or entities that provide litigation support

4 services (e.g., photocopying, videotaping, translating, preparing exhibits or

5 demonstrations, and organizing, storing, or retrieving data in any form or medium) and

6 their employees and subcontractors.

7     2.13  <u>Protected Material</u>: any Disclosure or Discovery Material that is

8 designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9     2.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

10 from a Producing Party.

11 **3.  <u>SCOPE</u>**

12     The protections conferred by this Stipulation and Order cover not only Protected

13 Material (as defined above), but also (1) any information copied or extracted from

14 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

15 Material; and (3) any testimony, conversations, or presentations by Parties or their

16 Counsel that might reveal Protected Material.

17     Any use of Protected Material at trial shall be governed by the orders of the trial

18 judge. This Order does not govern the use of Protected Material at trial.

19 **4.  <u>DURATION</u>**

20     Even after final disposition of this litigation, the confidentiality obligations

21 imposed by this Order shall remain in effect until a Designating Party agrees otherwise

22 in writing or a court order otherwise directs. Final disposition shall be deemed to be

23 the later of (1) dismissal of all claims and defenses in this Action, with or without

24 prejudice; and (2) final judgment herein after the completion and exhaustion of all

25 appeals, rehearings, remands, trials, or reviews of this Action, including the time limits

26 for filing any motions or applications for extension of time to pursue applicable law.

27 **5.  <u>DESIGNATING PROTECTED MATERIAL</u>**

28     5.1  A Producing Party may designate as "CONFIDENTIAL" any material

1   provided to a Party which contains or discloses any of the following:

2           (a)      Non-public insider information, personnel files, financial

3   information, trade secrets, confidential commercial information, proprietary

4   information, or other confidential or sensitive information which the Producing Party

5   determines in good faith should be kept confidential; and

6           (b)      Information that the Party is under a duty to preserve as

7   confidential under an agreement with or other obligation to another Person.

8           5.2     The Producing Party may designate as "ATTORNEYS' EYES ONLY,"

9   documents Parties contend contain or disclose materials which they in good faith

10  believe to be of an extremely high degree of current commercial sensitivity and/or

11  would provide a competitive advantage to its competitors if disclosed.

12          5.3     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

13  Each Party or Non-Party that designates information or items for protection under this

14  Order must take care to limit any such designation to specific material that qualifies

15  under the appropriate standards.  The Designating Party must designate for protection

16  only those parts of material, documents, items, or oral or written communications that

17  qualify so that other portions of the material, documents, items, or communications for

18  which protection is not warranted are not swept unjustifiably within the ambit of this

19  Order.

20          Mass, indiscriminate, or routinized designations are prohibited.  Designations

21  that are shown to be clearly unjustified or that have been made for an improper

22  purpose (e.g., to unnecessarily encumber the case development process or to impose

23  unnecessary expenses and burdens on other parties) may expose the Designating Party

24  to sanctions.

25          If it comes to a Designating Party's attention that information or items that it

26  designated for protection do not qualify for protection, that Designating Party must

27  promptly notify all other Parties that it is withdrawing the inapplicable designation.

28

1    5.4    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this

2  Order (see, e.g., second paragraph of section 5.4(a) below), or as otherwise stipulated

3  or ordered, Disclosure or Discovery Material that qualifies for protection under this

4  Order must be clearly so designated before the material is disclosed or produced.

5    Designation in conformity with this Order requires:

6    (a)    for information in documentary form (e.g., paper or electronic

7  documents, but excluding transcripts of depositions or other pretrial or trial

8  proceedings), that the Producing Party affix at a minimum, the legend

9  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter

10  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

11  portion or portions of the material on a page qualifies for protection, the Producing

12  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

13  markings in the margins).

14    A Party or Non-Party that makes original documents available for inspection

15  need not designate them for protection until after the inspecting Party has indicated

16  which documents it would like copied and produced.  During the inspection and before

17  the designation, all of the material made available for inspection shall be deemed

18  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  After the inspecting Party

19  has identified the documents it wants copied and produced, the Producing Party must

20  determine which documents, or portions thereof, qualify for protection under this

21  Order.  Then, before producing the specified documents, the Producing Party must

22  affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected

23  Material.  If only a portion or portions of the material on a page qualifies for

24  protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

25  by making appropriate markings in the margins).

26    (b)    for testimony given in depositions that the Designating Party

27  identify the Disclosure or Discovery Material on the record, before the close of the

28  deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which information is stored the appropriate "CONFIDENTIAL legend."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provision of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of Protected Material designated "CONFIDENTIAL."</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel whose duties require access to the Protected Material designated "CONFIDENTIAL";

(e)   court and deposition reporters and their staff

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)   any Non-Party identified on the face of any Protected Material designated "CONFIDENTIAL" as the author or recipient thereof;

1        (h)    any Non-Party who is determined to have been an author and/or

2  previous recipient of the Protected Material designated "CONFIDENTIAL," but is not

3  identified on the face thereof, provided there is prior testimony of actual authorship or

4  receipt of the Protected Material designated "CONFIDENTIAL" by such Non-Party;

5        (i)    during their depositions, witnesses, and attorneys for witnesses, in

6  the Action to whom disclosure is reasonably necessary provided: (1) the deposing

7  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

8  will not be permitted to keep any confidential information unless they sign the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

10  by the Designating Party or ordered by the court.  Pages of transcribed deposition

11  testimony or exhibits to depositions that reveal Protected Material designated

12  "CONFIDENTIAL" may be separately bound by the court reporter and may not be

13  disclosed to anyone except as permitted under this Stipulated Protective Order;

14        (j)    any mediator or settlement officer, and their supporting personnel,

15  mutually agreed upon by any of the parties engaged in settlement discussions; and

16        (k)    any Non-Party whom the Parties agree in writing may receive the

17  Protected Material designated "CONFIDENTIAL."

18  7.3    <u>Disclosure of Protected Material designated "ATTORNEYS' EYES ONLY."</u>

19  Unless otherwise ordered by the court or permitted in writing by the Designating Party,

20  a Receiving Party may disclose any information or item designated "ATTORNEYS'

21  EYES ONLY" only to:

22        (a)    the Receiving Party's Outside Counsel of Record in this Action, as

23  well as employees of said Outside Counsel of Record to whom it is reasonably

24  necessary to disclose the information for this Action;

25        (b)    the court and its personnel whose duties require access to the

26  Information or Items designated "ATTORNEYS' EYES ONLY";

27        (c)    court and deposition reporters and their staff;

28

1    (d)    Professional Vendors to whom disclosure is reasonably necessary

2    for this Action and who have signed the "Acknowledgement and Agreement to Be

3    Bound" (Exhibit A);

4    (e)    any Non-Party identified on the face of any Protected Material

5    designated "ATTORNEYS' EYES ONLY" as the author or recipient thereof;

6    (f)    any Non-Party who is determined to have been an author and/or

7    previous recipient of the Protected Material designated "ATTORNEYS' EYES

8    ONLY," but is not identified on the face thereof, provided there is prior testimony of

9    actual authorship or receipt of the Protected Material designated "ATTORNEYS'

10   EYES ONLY" by such Non-Party;

11   (g)    during their depositions, witnesses, and attorneys for witnesses, in

12   the Action to whom disclosure is reasonably necessary provided: (1) the deposing

13   party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

14   will not be permitted to keep any confidential information unless they sign the

15   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

16   by the Designating Party or ordered by the court.  Pages of transcribed deposition

17   testimony or exhibits to depositions that reveal Protected Material designated

18   "ATTORNEYS' EYES ONLY" may be separately bound by the court reporter and

19   may not be disclosed to anyone except as permitted under this Stipulated Protective

20   Order;

21   (h)    any mediator or settlement officer, and their supporting personnel,

22   mutually agreed upon by any of the parties engaged in settlement discussions; and

23   (i)    any Non-Party whom the Parties agree in writing may receive the

24   Protected Material designated "ATTORNEYS' EYES ONLY."

25   **8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>**

26   **<u>IN OTHER LITIGATION</u>**

27   If a Party is served with a subpoena or a court order issued in other litigation that

28   compels disclosure of any Protected Material in this Action, that party must:

1          (a)    promptly notifying in writing the Designating Party.  Such

2    notification shall include a copy of the subpoena or court order;

3          (b)    promptly notify in writing the party who caused the subpoena or

4    order to issue in the other litigation that some or all of the material covered by the

5    subpoena or order is subject to this Protective Order.  Such notification shall include a

6    copy of this Stipulated Protected Order; and

7          (c)    cooperate with respect to all reasonable procedures sought to be

8    pursued by the Designating Party whose Protected Material may be affected.

9        If the Designating Party timely seeks a protective order, the Party served with

10   the subpoena or court order shall not produce any Protected Material before a

11   determination by the court from which the subpoena or order issued, unless the Party

12   has obtained the Designating Party's permission.  The Designating Party shall bear the

13   burden and expense of seeking protection in the court of its confidential material and

14   nothing in these provisions should be construed as authorizing or encouraging a

15   Receiving Party in this Action to disobey lawful directive from another court.

16   **9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>**

17   **<u>PRODUCED IN THIS LITIGATION</u>**

18         (a)    The terms of this Order are applicable to information produced by a

19   Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS'

20   EYES ONLY."  Such information produced by Non-Parties in connection with this

21   litigation is protected by the remedies and relief provided by thi s Order. Nothing in

22   these provisions should be construed as prohibiting a Non-Party from seeking

23   additional protections.

24         (b)    In the event that a Party is required, by a valid discovery request, to

25   produce a Non-Party's confidential information in its possession, and the Party is

26   subject to an agreement with the Non-Party not to produce the Non-Party's

27   confidential information, then the Party shall:

28

1              (1)     promptly notify in writing the Requesting Party and the Non-

2 Party that some or all of the information requested is subject to a confidentiality

3 agreement with a Non-Party;

4              (2)     promptly provide the Non-Party with a copy of the Stipulated

5 Protective Order in this Action, the relevant discovery request(s), and a reasonably

6 specific description of the information requested; and

7              (3)     make the information requested available for inspection by

8 the Non-Party, if requested.

9            (c)    If the Non-Party fails to seek a protective order from this court

10 within 14 days of receiving the notice and accompanying information, the Receiving

11 Party may produce the Non-Party's confidential information responsive to the

12 discovery request.  If the Non-Party timely seeks a protective order, the Receiving

13 Party shall not produce any information in its possession or control that is subject to

14 the confidentiality agreement with the Non-Party before a determination by the court.

15 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

16 of seeking protection in this court of its Protected Material.

17 **10.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19 Protected Material to any person or in any circumstance not authorized under this

20 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

21 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

22 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

23 persons to whom unauthorized disclosures were made of all the terms of this Order,

24 and (d) request such person or persons to execute the "Acknowledgment and

25 Agreement to Be Bound" that is attached hereto as Exhibit A.

26 **11.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

27 **PROTECTED MATERIAL**

28      When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in Paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**14.**    Any violation of this Order may be punished by any and all appropriate

measures including, without limitation, contempt proceedings and/or monetary

sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:    July 25, 2016          BLAKELY LAW GROUP


                                 By:   /s/ Jessica C. Covington
                                       Brent H. Blakely
                                       Cindy Chan
                                       Jessica C. Covington
                                       ***Attorneys for Plaintiff***
                                       ***Deckers Outdoor Corporation***

DATED:    July 25, 2016          BRUTZKUS GUBNER
                                 ROZANSKY SEROR WEBER LLP


                                 By:   /s/ Jeffrey A. Kobulnick
                                       Jeffrey A. Kobulnick
                                       ***Attorneys for Defendant***
                                       ***Olem Shoe Corp.***

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED:    August 2, 2016

_____
Honorable Alicia G. Rosenberg
**United States Magistrate Judge**

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4 I, _____ [print or type full name], of _____ [print or

5 type full address], declare under penalty of perjury that I have read in its entirety and

6 understand the Stipulated Protective Order that was issued by the United States District

7 Court for the Central District of California in the case of *Deckers Outdoor Corporation*

8 *v. Olem Shoe Corp.*, No. 2:16-cv-03875-TJH (AGRx).  I agree to comply with and to

9 be bound by all the terms of this Stipulated Protective Order and I understand and

10 acknowledge that failure to so comply could expose me to sanctions and punishment in

11 the nature of contempt.  I solemnly promise that I will not disclose in any manner any

12 information or item that is subject to this Protective Order to any person or entity

13 except in strict compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for

15 the Central District of California for the purpose of enforcing the terms of this

16 Stipulated Protective Order, even if such enforcement proceedings occur after

17 termination of this action.  I hereby appoint _____ [print or type

18 full name] of _____ [print or type full address and

19 telephone number] as my California agent for service of process in connection with

20 this action or any proceedings related to enforcement of this Stipulated Protective

21 Order.

22

23 Date: _____, 2016

24 City and State where sworn and signed: _____

25

26 _____          _____

27 Printed Name                          Signature

28